IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

BARBARA BURACKER AND
ELIZABETH MCCROSSAN,

    Plaintiffs,

v.

INTELICHART, LLC,

    Defendant.

Case No. 3:25-cv-622

## PLAINTIFFS' MOTION TO SEAL

Plaintiffs, on behalf of themselves and all other similarly situated patients ("Plaintiffs"), respectfully move the Court pursuant to Local Rule 6.1 for an order to seal the First Amended Complaint [DE 17]. In support of this motion, Plaintiffs state as follows:

1. On August 19, 2025, Plaintiff filed his Complaint [DE 1] containing his personal medical information under the pseudonym "John Doe." As Plaintiff brought his case based on intrusion into his personal medical information and wishes to protect his information from further intrusion, he simultaneously filed a motion for leave to proceed under pseudonym [DE 2].

2. Counsel for the parties conferred regarding the confidentiality issues in this matter and agreed to an alternative approach, and Plaintiff withdrew his pseudonym motion [DE 14].

3. Plaintiff then sought permission to replace the Complaint with a redacted version of the pleading that identified the Plaintiff by name but redacted references to sensitive medical

information and other personal health information, and to permanently seal the original, unredacted Complaint [DE 14, 15].

4. Before that motion was ruled on, the parties conferred further on potential issues with the Complaint's allegations and filed a Consent Motion to Extend Time to Respond to Complaint, which this Court granted. [DE 16].

5. Plaintiffs, through counsel, now respectfully request permission to file the First Amended Complaint, filed as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), under seal.

6. A district court has the authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

7. Pursuant to Local Rule 6.1, this Court has express authority to seal materials contained in the record. In evaluating a motion to seal, courts are to "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. These requirements are mirrored in the Local Rules. LCvR 6.1(c) ("The motion must set forth: (1) [a] non-confidential description of the material sought to be sealed; (2) [a] statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) [u]nless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) [s]upporting statutes, case law, or other authority.").

8. Courts in the Western District of North Carolina routinely grant such motions and

seal documents containing medical information. *See, e.g.*, *Glisson v. Hooks*, No. 1:19-CV-00096-MOC, 2019 WL 2366470, at *3 (W.D.N.C. June 4, 2019) (collecting cases and granting motion to seal personal mental health information and family identifiers); *Collins v. Chemical Coatings, Inc.*, No. 5:07cv116, 2008 WL 5105277, at *2 (W.D.N.C. Dec. 1, 2008) ("[c]learly, sealing is necessary to protect sensitive personal health information and identifiers from becoming public records"); *see also United States v. Gross*, No. 1:21-CR-46-MOC-WCM, 2022 WL 3354072, at *1 (W.D.N.C. Aug. 11, 2022) (sealing document with "sensitive and private medical information").

For these reasons, Plaintiffs respectfully request that the Court grant this motion and issue an Order providing that the First Amended Complaint [DE 17] be placed under seal.

Dated: November 14, 2025

Respectfully submitted,

/s/ *Matthew E. Lee*
Matthew E. Lee
Jeremy R. Williams
**LEE SEGUI, PLLC**
900 W Morgan St
Raleigh, NC 27603
855-496-7500
mlee@leesegui.com
jwilliams@leesegui.com

J. Gerard Stranch
**STRANCH, JENNINGS,
& GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstrach@stranchlaw.com

Lynn A. Toops
**COHEN & MALAD, LLP**

3

One Indiana Square, #1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com

Foster C. Johnson
Joseph Amhad
Thomas Fraser
**AHMAD, ZAVITSANOS,**
**& MENSING, PLLC**
1221 McKinney Street, Suite 3460
Houston TX 77010
(713) 655-1101
fjohnson@azalaw.com
ahmad@azalaw.com
tfrashier@azalaw.com

Samuel J. Strauss
**STRAUSS BORRELLI LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@straussborrelli.com

*COUNSEL FOR PLAINTIFF,*
*INDIVIDUALLY AND ON BEHALF OF ALL*
*OTHERS SIMILARLY SITUATED*

## CERTIFICATE OF SERVICE

This is to certify that on November 14, 2025, the foregoing PLAINTIFFS' MOTION TO SEAL was filed electronically using the Court's ECF system, which will service a copy of the same via email on all counsel of record.

*/s/ Matthew E. Lee*
Matthew E. Lee
