**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Civil Action No. 3:25-cv-00622-SCR-UMJ

| | |
|---|---|
| BARBARA BURACKER AND ELIZABETH MCCROSSAN, *Plaintiffs*,<br>v.<br>INTELICHART, LLC,<br>*Defendant*. | **INTELICHART'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant InteliChart, LLC ("InteliChart"), by and through its counsel, respectfully moves the Court to dismiss Plaintiffs' First Amended Class Action Complaint (ECF No. 17) (the "Amended Complaint") with prejudice.

In support of this Motion and as more fully set forth in the Memorandum of Law filed contemporaneously with this Motion and incorporated herein, InteliChart states that the Court should dismiss the Amended Complaint for lack of subject matter jurisdiction because the Amended Complaint is jurisdictionally defective and Plaintiffs do not allege any injuries that are traceable to InteliChart or recognized by federal courts as an injury-in-fact to confer standing.

Assuming that Plaintiffs have standing, InteliChart moves to dismiss Plaintiffs' claim under the Electronic Communications and Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.* because InteliChart did not violate the ECPA by using Google Analytics on its portal. The Court should also dismiss Plaintiffs' negligence and breach-of-fiduciary-duty claims because they are barred by the economic-loss rule. These claims fail for further reasons. Plaintiffs have not alleged damages that are attributable to InteliChart and assert only intentional conduct that cannot be the basis of a negligence claim. Nor have Plaintiffs adequately shown that there is a

fiduciary relationship between InteliChart and Plaintiffs arising from Plaintiffs' use of InteliChart's portal that would create a fiduciary duty. Finally, Plaintiffs cannot recover their primary damages theories in contract, and nominal damages do not convey standing.

**WHEREFORE**, InteliChart prays this Court to enter an order:

(i) dismissing Plaintiffs' Amended Complaint for a lack of subject-matter jurisdiction;

(ii) if the Court concludes that it has subject-matter jurisdiction, dismissing each of Plaintiffs' claims for failure to state a claim; and

(iii) granting such further relief as the Court deems necessary or proper.

This the 18th day of August, 2026.

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Adam K. Doerr

Jonathan C. Krisko (N.C. Bar No. 28625)
Adam K. Doerr (N.C. Bar No. 37807)
Fitz E. Barringer (N.C. Bar No. 42679)
Jordan T. DeJaco (N.C. Bar No. 57866)
600 S. Tryon St., Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
jkrisko@rbh.com
adoerr@rbh.com
fbarringer@rbh.com
jdejaco@rbh.com

Preetha L. Suresh (N.C. Bar No. 51022)
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 328-8820
psuresh@rbh.com

*Attorneys for Defendant InteliChart, LLC*