**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:25-CV-622**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **INTELICHART, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court are "Plaintiff's Consent Motion to Seal [Complaint (Doc. No. 1)]" (Doc. No. 15)[1] and "Plaintiffs' Motion to Seal [Amended Complaint (Doc. No. 17)]" (Doc. No. 18). This case was reassigned to the undersigned on January 16, 2026.

The lawsuit alleges that Defendant impermissibly disclosed Plaintiffs' protected health information (PHI) obtained through patient communications with healthcare providers via Defendant's patient platform to Google and its online marketing systems. (Doc. No. 17 at 1-2). In the original Complaint, the named Plaintiff was listed under a pseudonym.[2] About a month after filing the original Complaint, Plaintiff no longer sought to proceed by pseudonym and submitted for the Court's consideration a "Corrected Complaint" with redacted medical and personal health information. (Doc. No. 15). Before the Motion was ruled on, an Amended

[1] In reviewing this case, the Court has identified several concerns regarding compliance by counsel for Plaintiffs with this Court's Local Rules, including sealing procedures outlined in LCvR 6.1(c), and the Federal Rules of Civil Procedure. Going forward, the parties are cautioned that this Court expects full compliance with applicable rules and deadlines.

[2] Plaintiff originally filed a Motion for Leave to Proceed Under Pseudonym, which was later withdrawn before it was ruled upon. (Doc. No. 2).

Complaint was filed naming two new Plaintiffs.[3] (Doc. No. 17). Counsel for Plaintiffs contemporaneously filed a Motion to Seal seeking to place the Amended Complaint under seal. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

"[T]he public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Company Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted). "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." Id. (citing Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004)). At issue here, the presumptive common-law right of access "can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (citing Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir.1988)).

When a party requests to seal records, a "court 'must comply with certain substantive and procedural requirements.'" Anderson v. Lab. Corp. of Am. Holdings, No. 1:17-cv-193, 2023 WL 1970953, at *18 (M.D.N.C. Feb. 13, 2023) (citing Virginia Dep't of State Police, 386 F.3d at 576); see also LCvR 6.1(c); Company Doe, 749 F.3d at 266 ("When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'"). Procedurally, courts must "(1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) consider less drastic alternatives to sealing; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives." Anderson, 2023 WL 1970953, at *18 (citing Virginia Dep't of State

[3] The originally named Plaintiff has been removed from the Amended Complaint and replaced with two newly named Plaintiffs, which is the subject of another motion before the Court. (Doc. Nos. 1, 17, & 36). This Order does not reach those arguments, and the Court will separately address the Motion (Doc. No. 36) once ripe.

Police, 386 F.3d at 576). "In evaluating whether a party has met its burden to overcome the public's right of access, the court should consider 'the interests advanced by the parties in light of the public interest and the duty of the courts.'" Id. at *19 (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).

A complaint is generally a foundational court record that outlines the nature of the claims and the relief sought, including the names of the parties. Fed. R. Civ. P. 8 & 10. "Courts regularly recognize that an individual's interest in the privacy of his or her health information is a legitimate basis for sealing." Id. at *20. While the Court recognizes the sensitive nature of Plaintiffs' information contained in the Amended Complaint, the Court must acknowledge the countervailing right of access and the duty to determine less drastic measures when limiting the public's access to judicial proceedings.

In similar cases, the protection of sensitive medical information is an issue that litigants routinely face and have done so without sealing an entire complaint. See e.g, Allen v. Novant Health, Inc., 701 F. Supp. 3d 290, 291 (M.D.N.C. 2023) (litigating a class action case where complaints were not sealed and named plaintiffs where the provider allegedly divulged PHI over digital platforms) and In re Novant Health, Inc., No. 1:22-CV-697, 2024 WL 3028443, at *1 (M.D.N.C. June 17, 2024) (related order); Williams v. Dukehealth, No. 1:22-CV-727, 2024 WL 898051 (M.D.N.C. Mar. 1, 2024), R. and R. adopted sub nom. Naugle v. Duke Univ. Health Sys., Inc., No. 1:22-CV-727, 2024 WL 1307216 (M.D.N.C. March 27, 2024) (proceeding in litigation regarding dissemination of PHI where complaint was not sealed).

As it currently stands, Plaintiffs' request to seal its Amended Complaint is too sweeping to be granted entirely. For example, the Court observes that the Amended Complaint contains information already publicly available on websites, including information published by a

government agency, newspaper articles, and information on Google's website. (Doc. No. 17 at ¶¶ 6, 68, 70, 72-73, 98-99, 121, 125-126, 129-130, 133-134, 136, 150, 167, 169-72).[4] The Amended Complaint already contains appropriate redactions of medical information and personal health information to protect Plaintiffs. (Doc. No. 17). Such redactions are minimal and unitized in only a handful of paragraphs in the Amended Complaint. Id. Considering all of this, the Court concludes it is unnecessary to seal the Amended Complaint in its entirety where a less drastic alternative is available. Specifically, Plaintiffs may protect their medical and personal health information through appropriate redactions. Therefore, the Court will grant in part and deny in part Plaintiff's Motion as to its Amended Complaint.

**IT IS HEREBY ORDERED** that:

1. "Plaintiff's Consent Motion to Seal [Complaint (Doc. No. 1)]" (Doc. No. 15) is **DENIED AS MOOT**.
2. "Plaintiffs' Motion to Seal [Amended Complaint (Doc. No. 17)]" (Doc. No. 18) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiffs are directed to file within ten (10) days an unsealed copy of the Amended Complaint, but the Court will permit redactions of Plaintiffs' medical information and personal health information consistent with the redactions filed at Doc. No. 17. The remainder of the Motion is denied.
3. The Clerk is directed to send copies of this Order to counsel for the parties. Once the Amended Complaint is re-filed consistent with the terms of this Order, the Clerk is respectfully directed to update the names of the Plaintiffs in ECF.

---

[4] The Court further observes that the Amended Complaint still has references to Jane Doe and Janet Doe (¶ 179), which appear to be an error because the case caption lists the full names of the newly named Plaintiffs and no motion to Proceed Under Pseudonym has been filed in connection with the Amended Complaint.

**SO ORDERED.**

Signed: September 17, 2026

Susan C. Rodriguez
United States District Judge